# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION



FILED

September 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,           )
                              )     C.C.A. NO:  02C01-9709-CR-00349
              Appellee,       )
                              )     SHELBY COUNTY
VS.                           )
                              )     HON. CHRIS CRAFT
                              )
DAVRON DINISH,                )
                              )     (Sentencing)
              Appellant.      )

FOR THE APPELLANT:

KEVIN KRAUSE
Attorney at Law
142 North Third, Third Floor
Memphis, TN  38103
(At Trial & On Appeal)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Counsel for the State
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM L. GIBBONS
District Attorney General

JERRY R. KITCHEN
Asst. District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN  38103

OPINION FILED: _____

**AFFIRMED**

ROBERT W. WEDEMEYER,
Special Judge

O P I N I O N

The defendant pled guilty to one count of statutory rape and agreed to a one-year sentence as a Range I offender. The trial court accepted this sentence and denied an alternative sentence. In this appeal, the defendant argues that the trial court abused its discretion in failing to grant judicial diversion, probation or a week-end sentence. Following our review of the record, we affirm the trial court.

## SENTENCING HEARING

The evidence offered at the sentencing hearing revealed that the victim and the defendant were employed at the same restaurant and began dating. At that time, the victim was sixteen-years-old and the defendant told the victim that he was twenty-two years old. However, she later learned that he was twenty-seven or twenty-eight years old. Early in the relationship, the victim and the defendant began having sexual relations. The victim testified that at times the defendant would pick her up at her parent's home at midnight or 1:00 a.m. and on other occasions would pick her up at school. The two would then go to the defendant's apartment and engage in sexual activities. On many occasions, the defendant gave the victim marijuana while he drank alcohol and smoked marijuana. The defendant would return the victim to her parent's home before the parents could discover the victim missing. One night, the victim and the defendant passed out and did not make it back to the victim's parent's home. The victim's mother called the police and told them the victim was with the defendant.

The victim said that she had difficulty staying awake and that her grades at school began to drop. The victim impact statement represented that the victim had become depressed and had low self esteem as a result of the sexual relationship with the defendant.

The defendant testified that he was twenty-eight or twenty-nine years old when he met the victim at their mutual place of employment. Prior to engaging in sexual conduct with the victim, the defendant knew the victim was sixteen year of age. He also admitted that he knew having sex with a minor was against the law. However, the defendant admitted that he lied to the victim about his age. He said that he feared the victim would not date him if she knew his true age. The defendant and victim dated for approximately

2

one and one half years. At one point in the relationship, the victim's mother discovered the defendant's true age and told the defendant to stay away from her daughter. However, the defendant continued seeing the victim and engaging in sexual relations with her until they were caught.

The defendant's employer testified that the defendant was an outstanding employee and had prospects for advancement. At the time of sentencing, the defendant was paying child support and had only a conviction for driving on a revoked license. The defendant admitted that he had lied to the probation officer who completed the presentence report about his drug use.

**LEGAL ANALYSIS**

In this case, the defendant pled guilty to statutory rape -- a Class E felony and agreed to a one-year sentence. Following an evidentiary hearing, the trial court denied the defendant's request for an alternative sentence. In this appeal, he argues that the trial court erred in failing to impose probation, judicial diversion or week-end sentence.

When the defendant challenges the manner of serving a sentence, it is the duty of this Court to conduct a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The "presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In its review, this Court must consider the following: the evidence, if any, received at trial and sentencing hearing, information contained in the presentence report, the statutory principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, mitigating and statutory enhancement factors, any statement that the defendant made on his own behalf, and the potential for rehabilitation or treatment. Ashby, 823 S.W.2d 166, 168-69 (Tenn. 1991).

If an accused is convicted of a Class C, D or E felony and is sentenced as a standard offender, there is a rebuttable presumption that the accused is a favorable candidate for alternative sentencing unless disqualified by some provision of the

Tennessee Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-102(6). The presumption may be successfully rebutted by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source provided it is made a part of the record. State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993). The defendant has the duty of convincing this Court that the failure of the trial court to impose alternative sentencing was clearly erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401(d); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991).

In a case where the defendant seeks probation, the Court must consider "the accused's criminal record, social history, present physical and mental condition, the circumstances of the offense, the deterrent effect upon criminal activity of the accused as well as others, and the accused's potential for rehabilitation and treatment. State v. Parker, 932 S.W.2d 945, 959 (Tenn. Crim. App. 1996). This Court has previously determined that a negative finding of any one of these factors is sufficient to support a denial of probation. State v. Bell, No. 02C01-9608-CR-00275 (Tenn. Crim. App. July 18, 1997).

In the instant case, the trial court heard the testimony of the victim, the defendant, the defendant's mother, the defendant's maternal grandmother and the defendant's manager at his place of employment. The trial court also reviewed the presentence report and heard argument by counsel.

The trial court found that the defendant intentionally and purposefully deceived the victim by lying about his age so that the victim would go out with him. The court stated that the defendant's great age difference indicated his ability to toy with the emotions of a young girl. The defendant told the court that he knew at the time that having sex with a minor would be wrong. The court also noted that the defendant continuously had sexual relations with the victim, even after the victim's mother told the defendant to stay away from the victim. Further, the defendant would assist the victim in sneaking out of her parent's house on school nights to engage in sexual activities.

The court found that the defendant supplied the victim with marijuana so that he

4

could use her body. All the while, the defendant consumed alcohol and marijuana. The court also placed significance on the fact that the defendant lied to the probation officer about his drug use. In considering the defendant' social history, the court found that the defendant had an illegitimate child and had exhibited his inability to live within his means by filing bankruptcy.

After making his finding of fact, the trial court recognized the presumption of alternative sentencing. However, the court concluded that:

> [B]ecause of the circumstances of this offense and the willful conduct in all of these areas of this man who still today has no credibility, is lying on his presentence report, and sitting there now does not realize the wrong that he had done to this child, I just cannot give him any relief, cannot.

The trial court imposed a $500 fine and sentenced the defendant as a Range I offender to one year in the local workhouse.

It is abundantly clear from the record that the trial judge considered the law and evidence before him and concluded that it was appropriate to deny an alternative sentence in this case. Having reviewed the testimony from the sentencing hearing and the presentence report and having set out the trial court's finding, this Court concludes that the defendant has failed to meet his burden of showing that the trial court's finding was clearly erroneous.

## CONCLUSION

Finding that the trial court properly considered the established sentencing considerations and evidence, this Court AFFIRMS the sentence imposed by the trial court.

_____
ROBERT W. WEDEMEYER,
Special Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
CURWOOD WITT, Judge

5